IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Stephen Roy Gratton, ) | C/A No. 6:06-459-MBS |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER and OPINION** |
| ) | |
| William M. White, Warden, Broad River ) | |
| Correctional Institution; South Carolina ) | |
| Department of Corrections; State of South ) | |
| Carolina; and Henry McMaster, Attorney ) | |
| General for South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner Stephen Roy Gratton is an inmate at Broad River Correctional Facility in Columbia, South Carolina. Petitioner is serving a sentence of imprisonment for multiple state convictions. Petition, 3. On February 14, 2005, Petitioner filed this action, *pro se*, seeking a "writ of mandamus" and requesting that the court "release him from incarceration." Petition, 8.

## **I. FACTS**

Petitioner was convicted in 1986 of one count of first degree burglary and two counts of first degree criminal sexual conduct. Petition, 3-4. Petitioner exhausted appellate review when the South Carolina Supreme Court issued an order on September 8, 1988 dismissing Petitioner's appeal. Id. at 4. Petitioner next filed an application in state court for post-conviction relief ("PCR"). Id. Following an evidentiary hearing, Petitioner's PCR application was dismissed. Id. The dismissal was upheld by order of the South Carolina Supreme Court issued on May 8, 1991. Id.

Petitioner avers that while pursuing his initial PCR application, "[he] finally made contact with [an] alibi witness" who Petitioner claims was never contacted by counsel before Petitioner's trial. Id. With knowledge of this allegedly exculpatory witness, Petitioner filed a second PCR application in state court on March 7, 1995 arguing that his conviction should be overturned based on newly discovered evidence. Id. at 5. After a hearing was held on Petitioner's second PCR application, Petitioner alleges that the Honorable Gary E. Clary ordered "that [Petitioner] did meet the requirements of newly discovered evidence and ordered that [the newly discovered alibi witness] be brought before [Judge Clary] as soon as possible." Id. Petitioner contends that his attorney failed to inform him of the Judge's order. Id.

According to Petitioner, an additional hearing was held on his second PCR application two years later before the Honorable Larry R. Patterson. Id. Following the hearing, Judge Patterson denied Petitioner's second application for relief on July 24, 1998. Id. Petitioner argues that Judge Patterson's ruling was "invalid" because it was "contrary to what a fellow court judge had ordered . . . ." Id. Petitioner claims that he is entitled to his requested relief because Judge Patterson unlawfully "overruled" Judge Clary "using the same set of facts under the same motion" in violation of Petitioner's constitutional rights and South Carolina Rule of Civil Procedure 43(1). Id. at 6-7.

Following the denial of his second PCR application, Petitioner filed a petition for a writ of habeas corpus in this court. See Report and Recommendation, 3 (citing Gratton v. Cepak, 6:01-1937 (D.S.C.)). A review of the record in Petitioner's first petition for a writ of habeas corpus reveals that summary judgment was granted in favor of the respondents in that case on August 29, 2002. See Gratton v. Cepak, 6:01-1937 (D.S.C.) (ECF Entry 14).[1] Petitioner subsequently appealed the

---

[1] The court may take judicial notice of its own records in prior cases. Colonial Penn Ins. Co. v.

judgment. Id. at ECF Entry 17. On March 11, 2004, the Fourth Circuit Court of Appeals dismissed the appeal and denied Petitioner a certificate of appealability. See Gratton v. Cepak, 89 Fed.Appx. 391 (4th Cir. 2004). Petitioner filed the underlying action on February 27, 2006.

## II. LAW/DISCUSSION

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling. The Magistrate Judge reviewed the petition pursuant to the provisions of 28 U.S.C. § 1915, and, on March 1, 2006, filed a Report and Recommendation recommending that the petition be dismissed without prejudice and without issuance and service of process. Petitioner filed objections to the Report and Recommendation on June 6, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

---

Coil, 887 F.2d 1236, 1239 (4th Cir. 1989).

The Magistrate Judge stated in his Report and Recommendation that a "mandamus action is not the correct avenue for federal review of state court convictions" and construed Petitioner's filing as an application for writ of habeas corpus under 28 U.S.C. §2254. See Report and Recommendation, 3. Noting Petitioner's previous petition for a writ of habeas corpus, the Magistrate Judge recommended that the case be dismissed without prejudice and instructed Petitioner that he must obtain authorization to file a successive petition from the Fourth Circuit Court of Appeals. Id. The Magistrate Judge also recommended a finding that, even if the application for a writ of mandamus was properly before the court, Petitioner failed to satisfy the strict requirements for the issuance of a writ of mandamus and his petition should be denied. Id. at 4.

In his objections, Petitioner challenges the interpretation of this action as a successive §2254 petition. In support, Petitioner states that he "is not attacking the validity of [his] confinement, length of sentence, . . . good time [,] . . . [or] conviction." Objections, 2. Petitioner avers that he is only "challenging the State Court[']s refusal to abide by the ruling made by Judge Clary . . . ." Id. The court disagrees.

Petitioner is essentially asking the court to overturn the ruling of the PCR court. Petitioner argues a "denial of due process" in the PCR process and claims that "the PCR court erred when it refused to abide by the order of Judge Clary." Id. at 5. Indeed, Petitioner states in his petition that the ruling of Judge Patterson "should be set aside . . . ." and seeks an order mandating that "[Petitioner's] conviction [be] over-turned and [demanding Petitioner's] release from incarceration." Petition, 8. Accordingly, the court finds that Petitioner seeks to file a second habeas petition under 28 U.S.C. § 2254.

4

While Petitioner may be entitled to file a successive § 2254 petition if he satisfies one of the conditions outlined in 28 U.S.C. § 2244 (b)(2), he must first receive authorization to file a successive petition from the Fourth Circuit Court of Appeals.  See 28 U.S.C. § 2244 (b)(3)(A).[2]  Thus, Petitioner's motion is dismissed without prejudice and without issuance and service of process.

The court notes that Petitioner's argument regarding the alleged "failure" of the PCR court to abide by Judge Clary's ruling was presented to this court in Petitioner's first § 2254 petition.  See Report and Recommendation of Magistrate Judge Catoe in 6:01-1937, filed August 5, 2002, 5-6.  The Magistrate Judge assigned to Petitioner's first § 2254 petition thoroughly analyzed the second PCR court's conclusions regarding the allegedly exculpatory evidence that Petitioner argued was wrongfully ignored by Judge Patterson.  Id. at 13-15.  When Petitioner objected to findings of the Magistrate Judge, Petitioner provided the exact facts and arguments contained in the instant petition.  Objections to Report and Recommendations in 6:01-1937, filed August 5, 2002, 2-3.  The first PCR court reviewed the Magistrate Judges's report *de novo* and concluded that Petitioner's objections were without merit.  See Order Adopting Report and Recommendation of Magistrate Judge in 6:01-1937, filed August 29, 2002, 2.  Thus, the arguments buttressing Petitioner's instant petition have been fully presented to this court and ruled upon.

---

[2] Petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit at 1100 E. Main St., Richmond, Virginia 23219.

5

### III.  CONCLUSION

The court adopts the Report and Recommendation of the Magistrate Judge and **dismisses** the petition without prejudice without issuance and service of process.

**IT IS SO ORDERED.**

                                               /s/ Margaret B. Seymour
                                               Margaret B. Seymour
                                               United States District Judge

June 14, 2006
Columbia, South Carolina